STATE, EX. REL. WILLIAM A. BURKETT, RELATOR, V. HARRY R. SWANSON, SECRETARY OF STATE, RESPONDENT.

291 N. W. 481

FILED MARCH 20, 1940. No. 30955.

*L. R. Doyle* and *Malcolm Baldrige,* for relator.

*Walter R. Johnson, Attorney General,* and *Robert Nelson,* for respondent.

Heard before CARTER, J.

The record in this case discloses that the relator, William A. Burkett, completed his filing for nomination as the republican candidate for congress in the first district on the 24th day of February, 1940. On the same day, and in connection with his filing, he issued a statement to the press to the effect that he would serve as congressman, in the event of his election, without pay so long as the federal budget remained unbalanced. The statement appears to have been carried in the Nebraska State Journal and the Lincoln Daily Star, newspapers of general circulation in the first congressional district. Relator testifies that he made the statement without knowledge of its legal effect, and offered to unconditionally repudiate it in the event it was held to be disqualifying. The secretary of state canceled relator's filing on the ground that said statement disqualified relator for the office. This action was thereupon brought to compel the secretary of state to accept relator's filing and cause his name to appear on the ballot as a candidate for congress.

It has been generally held that an election to a public office, secured by a candidate by means of offers to the voters to perform the duties of the office for less than the legal salary or fees, constitutes a species of bribery which will invalidate an election. This has been so generally held to be the law that a citation of authority is hardly necessary. Cases in point are: State v. Elting, 29 Kan. 397; State v. Collier, 72 Mo. 13; and the cases cited in the annotation appearing in 106 A. L. R. 493. Promises made by a candidate to accept less than the stipulated salary in the event of his election involve a pecuniary consideration offered by the candidate in order to secure election in which the test of fitness for the office is not an element. Such promises and statements are condemned generally as violations of the .corrupt practices act. Comp. St. 1929, ch. 32, art. 20.

Relator contends that he was not a candidate when the statements were made, and that he could not be a candidate until the ten-day period for filing objections had expired. Such a construction would defeat the whole purpose

of the corrupt practices act. To say that a person is not a candidate until ten days after he files, when the law requires objections to candidates to be made within ten days after the filing, is to distort the plain import of the law and destroy it wholly by construction. In my opinion, a person becomes a candidate for an office when he announces that he will seek election to the office. From that time on he is a candidate within the meaning of the corrupt practices act, and must comply with the provisions of that act. *Leonard v. Commonwealth,* 112 Pa. St. 607, 4 Atl. 220; *Adams v. Lansdon,* 18 Idaho, 483, 110 Pac. 280; *Norris v. United States,* 86 Fed. (2d) 379. To permit violations of the corrupt practices act on the eve of filing and thereby secure the benefit of promises generally held to be subversive to the public interest would amount to a circumvention of the statute. The intention of the legislature is clear and it becomes the duty of the courts to make it effective in the absence of constitutional prohibitions. There can be no question, therefore, that relator was a candidate within the purview of the corrupt practices act when he made the statement in question.

Relator contends that the corrupt practices act of this state has no application to a person who is a candidate for congress, a federal office. The federal corrupt practices act specifically subjects candidates for federal office to the laws of the state unless they be inconsistent with the federal law. 2 U. S. C. A. ch. 8. No inconsistency making the state law inapplicable has been pointed out.

Finally, the relator contends that he made the statements in good faith and without intention of violating any law. We doubt not that this statement is true, but it can avail the relator nothing. Want of knowledge of the law does not justify a plea of good faith. The corrupt practices act prohibits certain acts and conduct on the part of the candidates. The gist of the wrong was relator's offer to serve for less than the salary fixed by law. To permit ignorance of the law which he violated as a defense, im-

munity from punishment would result in almost every case. It is the violation of the law by the commission of the prohibited act that is condemned. The intent or good faith of the wrong-doer is not an element in the offense, nor a defense to the objections filed, when the wrongful act is established. A want of improper motive does not alleviate the subversive result prohibited by the state. An enlightened public policy requires that candidates for public office in this country be elected on the basis of fitness for the office and not on that of bargain and sale. To permit elections to go to the highest bidder would open the doors of our public offices to the worst type of corruptive influences. Our elections must express the free, intelligent, and unbiased judgment and choice of the electors, uninfluenced by pecuniary offers of candidates. if free government is to continue to exist. The good faith of the relator and his willingness to purge himself by a withdrawal of the statement cannot therefore be treated as a defense.

The point is made that the authorities cited are cases involving election contests after the candidates violating the corrupt practices act had been elected to the offices. While this is true, it is no doubt due to the fact that the wrongful acts were not committed until the election campaign was under way. In the instant case, the wrongful act was committed at a time when it could be decided before an election was held. The law does not require vain things to be done, and if it be established that a person has disqualified himself from holding the office for which he filed, he has necessarily become ineligible for the office. This being true, the secretary of state very properly decided that relator's name should not be placed on the ballot.

For these reasons the relator is not entitled to a writ of mandamus.

WRIT DENIED.